PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

| United States District Court | District SOUTHERN |
|---|---|

| Name TODD RICHARDSON | Prisoner No. 1611300 | Case No. **00-6185** |
|---|---|---|

**CIV - FERGUSON**

Place of Confinement GLADES CORRECTIONAL INSTITUTION

MAGISTRATE JUDGE
SORRENTINO

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

TODD RICHARDSON

V.

MICHAEL MOORE, ed. Dec

The Attorney General of the State of: FLORIDA

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **BROWARD COUNTY COURT HOUSE; 17th Jud. Circuit; Ft Lauderdale, FL 33301**

2. Date of judgment of conviction **JANUARY 15, 1997**

3. Length of sentence **30 years Violent habitual offender**

4. Nature of offense involved (all counts) **Ct. I: Strong Armed Robbery; Ct. II: Robbery w/ Deadly Weapon**

5. What was your plea? (Check one)
   - (a) Not guilty ☑
   - (b) Guilty ☐
   - (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   **N/A**

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   - (a) Jury ☑
   - (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

cat / div **B. Broward ("2254")**
Case # **0:00cv 6185**
Judge **Ferguson      CHS**
Mstn Fp _____ Fee pd $ _____
Receipt # _____

(2)

AO 241 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court    FOURTH DISTRICT COURT OF APPEAL · FLORIDA

    (b) Result    PER CURIAM AFFIRMED

    (c) Date of result and citation, if known    FEBRUARY 4, 1998

    (d) Grounds raised    SEE PAGE 3A

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court    N/A

        (2) Result   

        (3) Date of result and citation, if known   

        (4) Grounds raised    N/A

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court    N/A

        (2) Result   

        (3) Date of result and citation, if known   

        (4) Grounds raised    N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑        No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court    17th Judicial Circuit Court Broward County

        (2) Nature of proceeding    Motion for Post-Conviction Relief   3.850

        (3) Grounds raised    SEE PAGE 3A

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☑    No ☐

(5) Result ___Denied_____

(6) Date of result ___October 30, 998_____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding ____n/a_____

_____

(3) Grounds raised _____

_____n/a_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☐

(5) Result_____n/a_____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☑    No ☐
(2) Second petition, etc.       Yes ☐    No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____n/a_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.     Ground one: _____

_____ *SEE PAGE(S) 5A - 5C    FOR GROUNDS*

Supporting FACTS (state *briefly* without citing cases or law)   _____

_____ *SEE PAGE(S) 5A - 5C    FOR FACTS*

_____

_____

_____

B.     Ground two: _____

_____ *PAGES 5A - 5C*

Supporting FACTS (state *briefly* without citing cases or law)   _____

_____ *PAGES 5A - 5C*

_____

_____

### GROUND ONE

**INEFFECTIVE ASSISTANCE OF COUNSEL...
TRIAL    COUNSEL    INEFFECTIVE    BY
ADMITTING PETITIONER'S GUILT ON BOTH
OPENING STATEMENT AS WELL AS CLOSING
ARGUMENTS AFTER PETITIONER PLEAD NOT
GUILTY TO ALL CHARGES**

It is the petitioner's contention in this ground for relief
that his trial counsel rendered assistance which fell below the
standard of competent assistance when, after entering a plea of not
guilty to all charges, trial counsel repeatedly argued the
petitioner's guilt during both opening statement as well as closing
arguments.

The petitioner's trial counsel had not advised him of his
strategy to concede his guilt to any of the counts he was charged
with or any lesser included offense(s). The petitioner was shocked
by his trial counsel's comments during opening statements and
equally shocked by the comments on closing argument. At no time
did the petitioner's trial counsel petition the court to make an
inquiry as to the petitioner agreeing with such strategy.

The petitioner had asked his trial counsel to call both of his
alleged co-defendants to testify in his behalf to show the court
that he did not have anything to do with the planning and/or
participation of the robbery and that he stated to them the only
reason he asked the victim for her property was to keep any one of
them from forcibly taking it and that he was planning on returning
the property to her as soon as possible.

Trial counsel for the petitioner sought to call the
petitioner's alleged co-defendants as defense witnesses, but the

petitioner's co-defendants were told by their attorneys not to testify in the petitioner's behalf. This, in no way, warranted the petitioner's attorney conceding his guilt of committing any crime.

During opening statement to the jury counsel stated the following:

> What my client did was while this was going on is commit a theft (T. 128).
>
> Quite frankly, what we come to you as defense counsel and defendant am telling you in our opening statement is listen to all the evidence, pay close attention and you will see that Todd Richardson may be no angel, he's badly overcharged in this case.
>
> And you will be able to convict him of the appropriate offense, that it should not be the one charged. So just pay close attention. See what you all come up with. Thank you very much (T. 129).

After the prosecution presented its case and clearly made it known to the defense that it would be seeking to convict the petitioner as a principal, the petitioner's trial counsel went on to argue in closing argument the petitioner's guilt. Trial counsel stated the following during closing:

> MR. LASWELL: What he started to do after Travis Russel began his kidnapping and his robbery was not nice. But it was theft (T. 288).
>
> MR. LASWELL: As a matter of fact, she testified that Juvenal Allen was going to rip off the necklace and he stopped Juvenal Allen, and told her to take it off and she did, and give me your purse, and she did. That's a theft. That's disrespect. That's showing no regard for another person's property whether it's $20,000 dollars or two dollars (T. 289-290).
>
> MR. LASWELL: And I'm asking you not to get carried away. Do not go above and beyond the evidence and speculation and theory, and pay

> attention to what the evidence showed, and
> convict my client of theft. Because I'll
> admit to you that's what he is guilty of, not
> guilty of robbery (T. 291).
>
> MR. LASWELL: So make this State of Florida
> tow the line. Examine the law. Examine the
> facts. Discuss the evidence. Come back with
> a verdict guilty to the lesser included
> offense of theft. Thank you (T. 292).
>
> MR. LASWELL: Travis Russel had controlled
> that, Travis controlled this whole thing.
> Damn fool that he is, he took advantage of
> that little girl and shame on him for it and
> convict him for it, for it, because he
> committed a theft (T. 312).
>
> MR. LASWELL: This kid should be convicted of
> theft (T. 313).

The Sixth Circuit recognized that a defense counsel's admission of a defendant's guilt before the finder of fact is the functional equivalent of a guilty plea which triggers the trial court's obligation to make an inquiry into the defendant's consent to the legal strategy.

Thus, in the case at bar, trial counsel should have secured the act of the trial judge making an inquiry into the petitioner's consent to this supposed legal strategy. This is especially glaring where the prosecution had sought to proceed on the principal theory, where the petitioner would have been responsible for the acts of any of the occupants of the automobile.

The law is clear that Due Process requires a guilty plea to be intelligent and voluntary.

The petitioner's trial counsel was ineffective for failing to obtain petitioner's intelligent and voluntary consent before conceding guilt. The petitioner was denied his rights to due process, a fair trial and effective assistance of counsel under the

Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, sections 9 and 16 of the Florida Constitution.

This is in light of the fact that had trial counsel moved to have the court inquire regarding the petitioner's consent to have counsel argue his guilt, the court would have learned that petitioner's consent was not given.

Thus, the petitioner's counsel would not have argued to the jury that the petitioner was guilty of any crime and the outcome would have been different because the admission of guilt on the part of trial counsel was very prejudicial where the prosecution was bringing their case under the principal theory.

The consequences were disastrous: a thirty (30) year violent habitual offender sentence with ten minimum mandatory on count one and fifteen year minimum mandatory on count two.

## GROUND TWO

**INEFFECTIVE ASSISTANCE OF COUNSEL...
TRIAL COUNSEL INEFFECTIVE IN FAILING
TO OBJECT TO IMPROPER CLOSING
ARGUMENT BY PROSECUTOR AND
REQUESTING CURATIVE INSTRUCTION WHEN
PROSECUTOR MIS-STATED THE LAW IN
REFERENCE TO THE ELEMENTS OF PETIT
THEFT**

During the State's closing argument, the State prosecutor proceeded to explain to the jurors the verdict form selections for the crimes to be presented by the trial judge. In counts one and two there were three selections (Armed Robbery; Strong Armed Robbery, and Petit Theft).

The prosecutor presented both Armed Robbery and Strong Armed Robbery properly; however, in his argument concerning the elements of proof for Petit Theft, he state the following to the jury:

> **MR. MILLIAN: Then you will have Petit Theft
> under Armed Robbery. What is Petit Theft?
> You will hear about it. Petit theft is what
> the word tells you. It's insignificant. It's
> value is pennies. That's not what happened.
> Todd Richardson didn't walk somewhere and see
> some worthless item on the floor and take
> it....(T. 302).**

It is the petitioner's contention that at this point his trial counsel should have objected and move the trial court to give a curative instruction explaining to the jury that the prosecutor's argument concerning the element of proof for petit theft were mis-stated.

A new trial is required when comments by a prosecutor are unfair and deny a defendant the right to a fair trial. In the case at bar the combined statements by the prosecutor, during closing

argument, that the value of property in a petit theft was *pennies*, and the later statement that the petitioner didn't walk somewhere and see some *worthless* item on the floor and take it, were totally contrariwise to the definition of petit theft under Florida Statutes §812.014(2)(e).

The prosecutor also stated, without objection by defense counsel, that "the law doesn't care... how much money is involved... The law doesn't even say that... The law doesn't say it has some value" (T. 300-301). "Petit theft is what the word tells you. It is insignificant. Its value is pennies" (T. 302).

The prosecutor's comments presented a clear and prejudicial error. Value is an essential element of theft, because it distinguishes two degrees of petit and four degrees of grand. Value is an element which must be proven by the state beyond and to the exclusion of every reasonable doubt and the jury may not be permitted to simply speculate about value.

Here value was important to the defense asserted by the petitioner's defense counsel, who conceded guilt for theft in hopes of avoiding convictions for the more serious crimes charged. The prosecutor's misstatement of the element, calling it insignificant, misled the jury as they considered the lesser offense.

Defense counsel's deficiency in failing to attempt to correct the mis-statement undermines confidence in the outcome of the case and shows a reasonable probability that the outcome of the trial would have been different.

The petitioner was denied his rights to Due Process, a fair trial and effective assistance of counsel under the Fifth, Sixth

and Fourteenth Amendments to the United States Constitution and Article I, section 9 and 16 of the Florida Constitution and this court should reverse.

Alternatively, this court should reverse for an evidentiary hearing on this ground since the petitioner was never afforded an evidentiary hearing in the lower state court on this ground. This is in light of the fact that Florida Statutes §812.14(e) states that if the property stolen is valued at $100 or more, but less than $300 the offender commits "Petit Theft" of the first degree, punishable as a misdemeanor of the first degree as provided in s. 775.082 or s. 775.083.

The value of the property in the petitioner's case was approximately $160. During the jury instructions the court never advised the jurors that if the property stolen was valued at up to $300, it would amount to petit theft. Therefore, the jury was lead to believe that the petitioner couldn't possibly be found guilty of petit theft.

Had counsel objected to the erroneous argument by the prosecution, there is a likelihood that the trial judge would have instructed the jury that value was an essential element in a prosecution for petit theft and in turn would have instructed the jury that, "if the property stolen was valued at up to $300, it would be petit theft.

In the alternative the court could have granted a mis-trial. The outcome would have been different.

## GROUND THREE

**THE PETITIONER WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER ARTICLE I, SECTION 9 AND 16 FLA. CONST. AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE VERDICTS ON COUNTS ONE AND TWO ARE/WERE INCONSISTENT**

The petitioner made contact with the two victims in a shopping mall by calling them over to where he was to talk (T-131, 182). The petitioner spotted Linda Butler and Erica Outridge later standing at a bus stop outside and offered to give them a ride home (T.133, 185). Both women accepted the offer and the two of them got into the car.

Over the petitioner's protest that the girls should be taken home, an alleged co-defendant - who was driving the car - drove to a location behind a restaurant.

Once behind the restaurant the driver, Travis Russell, pulled out a gun and stuck it in the side of Linda Butler, who was in the front seat, and demanded her money and her gold (T. 134-35, 188). Another co-defendant, Juvenal Allen, while in the back seat with the petitioner and Erica Outridge, grabbed Ms. Outridge's gold chain (T-188).

The petitioner, who didn't want to see Ms. Outridge hurt, asked that Ms. Outridge give him the chain and her purse (T-189). Ms. Butler was able to escape from the vehicle (T-138) and Ms. Outridge was taken to a motel and released (T-193). After the police were alerted and began chasing the vehicle, the vehicle eventually stopped and four occupants jumped out and ran (T-215).

The petitioner was consequently charged with the armed robbery of both Ms. Linda Butler (who Travis Russell robbed at gun-point) and of Ms. Outridge (who was in the back seat and who the petitioner asked for her chain and purse to prevent her from being hurt from the other occupants of the car).

After a trial by jury the petitioner was convicted of armed robbery of Ms. Outridge - who was in the back seat and asked for her chain and purse - and of strong armed robbery of Ms. Butler - who was robbed at gun-point by Travis Russell in the front seat of the vehicle.

After trial, the defense filed a Motion to Correct or Reconsider Defective or Ambiguous Verdict or to Arrest Judgment, alleging, among other things, that the jury's verdict of guilty as charged of robbery with a firearm on Count II was inconsistent with the verdict on the lesser included offense of unarmed robbery on Count I (ROA. 47-49).

The verdicts are inconsistent, as claimed. Not only was it was Travis Russell who stuck a gun in Linda Butler's side and robbed her at gun-point, the victim (Ms. Outridge), who was only asked to give the petitioner her chain and purse, was never robbed at gun-point.

It was illogical for the jury to convict the petitioner of the more serious charge on count two of robbing Erica Outridge with a firearm, where in fact there was no firearm then turn around and convict the petitioner on the lesser offense of unarmed robbery in the case of Linda Butler, who robbed at gun-point by an alleged co-defendant.

The verdicts here were truly inconsistent and the petitioner prays that the conviction on count two be reduced to unarmed robbery, in order to make it consistent with count one. The present conviction on count one is a denial of due process and a fair trial.

## GROUND FOUR

**THE TRIAL COURT ERRED IN DENYING JUDGMENT OF ACQUITTAL ON COUNT ONE WHERE THE PETITIONER WAS MERELY PRESENT AT THE ROBBERY COMMITTED BY A CO-DEFENDANT**

It is the petitioner's assertion in this ground for relief that he was improperly convicted under count one of robbery of **LINDA BUTLER.**

In the case at bar the petitioner was charged with two counts of robbery with a firearm of **LINDA BUTLER** and **ERICA OUTRIDGE.** The petitioner was found guilty of robbery without a weapon of Linda Butler and guilty of armed robbery of Erica Outridge.

As to the robbery count against Linda Butler, the evidence was that this robbery was initiated independently by an alleged co-defendant **TRAVIS RUSSELL.**

Ms. Butler was in the front seat of the car between the driver, Russell, and another individual. Entirely on his own, and over the petitioner's protests that they should take both of the victims home, Russell pulled a gun on Butler and demanded money and jewelry.

Afterwards, a fourth individual, **JUVENAL ALLEN,** became involved by reaching forward from the back seat and taking a chain from around Butler's neck **(T. 134-136).**

There was no evidence that the petitioner intended to participate in Russell's and Allen's act, or that the petitioner even knew about what these two individuals intended to do beforehand.

5K

There wasn't even any evidence that the petitioner knew Russell was armed. The evidence adduced only showed that the petitioner was merely present when the robbery of Linda Butler occurred.

Although the defense filed a motion for judgment of acquittal, arguing that there was no evidence that the petitioner robbed Butler, the motion was denied.

The law is clear that mere presence at the scene of a crime is not sufficient to convict. Nor can a conviction be upheld on a theory of aiding and abetting where a defendant is merely present at the scene and there is no proof of his intent to participate in the crime.

As pointed out in the Brief of Appellee in the petitioner's direct appeal, "The [petitioner's] conviction for the [robbery] of Linda Butler was not contingent on the jury also finding the [petitioner] guilty of the armed robbery of Erica Outridge. The counts are legally independent. **(Brief of Appellee, at page 12-13).**

Since the counts were legally independent and there was no evidence introduced which showed that the petitioner was anything more than present during the robbery of Linda Butler, the court should have granted the motion for judgment of acquittal. The conviction on count one was a denial of due process and a fair trial.

AO 241 (Rev. 5/85)

C.    Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law)   _____

_____

_____

_____

_____

_____

_____

D.    Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law)   _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:   _____

_____ N/A _____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☑        No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)    At preliminary hearing   _____

    _____

    (b)    At arraignment and plea   _____

    _____

AO 241 (Rev. 5/85)

(c) At trial _Assistant P.D. William J. Craveell, 17th Judicial Circuit_

(d) At sentencing _Assistant P.D. William J. Craveell 17th Judicial Circuit_

(e) On appeal _ALLEN J. DeWEESE, Assistant P.D. 17th Judicial Circuit_

(f) In any post—conviction proceeding _____

(g) On appeal from any adverse ruling in a post—conviction proceeding _ALLEN J. DeWEESE_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐    No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: _____
_N/A_

(b) Give date and length of the above sentence: _N/A_

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐    No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_February 2, 2000_
(date)

_____
Signature of Petitioner

(7)