IN THE UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT, STATE OF FLORIDA

TODD RICHARDSON,
    Petitioner,

VS.

CASE NO.: 00-6185
To Be Supplied By Court

CIV-FERGUSON
MAGISTRATE JUDGE
SORRENTINO

MICHAEL MOORE, Sec. DOC,
    Respondent.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION FOR WRIT OF HABEAS CORPUS**

Todd Richardson
DC# 961139 / LOC.: B-3
Glades Correctional Inst.
500 Orange Avenue Circle
Belle Glade, FL  33430

IN THE UNITED STATES DISTRICT COURT,

SOUTHERN DISTRICT, STATE OF FLORIDA

TODD RICHARDSON,
    Petitioner,

VS.                                    CASE NO.: _____
                                        To Be Supplied By Court

MICHAEL MOORE, Sec. DOC,
    Respondent.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF**
**PETITION FOR WRIT OF HABEAS CORPUS**

    **COMES NOW**, the Petitioner, **TODD RICHARDSON**, in his pro'se status, with the assistance of another inmate and respectfully submits this Memorandum of Law in Support of Petitioner for Writ of Habeas Corpus. The Petitioner prays that this Court accepts, files, and incorporates this Memorandum of law with his Writ of Habeas Corpus.

    This Memorandum of Law follows:

**INTRODUCTION**

In any criminal prosecution, the right of a defendant to have the assistance of counsel for his defense is embodied in the Sixth and Fourteenth Amendment to the United States Constitution, and is made obligatory on the states by the Fourteenth Amendment. **GIDEON V. WAINWRIGHT**, 372 U.S. 335, 83 S.Ct. 792 (1963). The right to be represented by counsel is fundamental to our system of justice and is meant to assure fairness in our adversary criminal process. **KIMMELMAN V. MORRISON**, 106 S.Ct. 2574 (1986).

The right to counsel has been interpreted to mean the right to "effective assistance of counsel." **MCMANN V. RICHARDSON**, 397 U.S. 759, 90 S.Ct. 1441, 1449 (1970). A defense attorney can deprive a defendant of the right to effective assistance simply by failing to render "adequate legal assistance." **CUYLER V. SULLIVAN**, 446 U.S. 335, 100 S.Ct. 1708, 1716 (1980).

In **STRICKLAND V. WASHINGTON**, 466 U.S. 668, 104 S.Ct. 2052 (1984), the United States Supreme Court set forth the standard of review for ineffective assistance of counsel claims. There the Supreme Court noted "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Id. 466 U.S. at 686, 104 S.Ct. at 2064.

To prevail on an ineffective assistance of counsel claim a defendant must show two components. **First**, the defendant must show that counsel's performance was deficient. This requires showing that counsel made error(s) so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. **Second**, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's error(s) were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id. 466 U.S. at 687, 104 S.Ct. at 2064.

In sum, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional error(s), the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. 466 U.S. at 694, 104 S.Ct. at 2068. This "reasonable probability" of a different result is simply a probability sufficient to undermine confidence in the outcome of the case, a standard less than proof by a preponderance of the evidence.

The standard enunciated by the Supreme Court in **STRICKLAND** has been adopted by Florida Jurisprudence, **DOWNS V. WAINWRIGHT**, 476 So.2d 654, 656 (Fla.1985), expressly for the adjudication of state constitutional claims of ineffective assistance of counsel under Article I, section 16(a), of the Florida Constitution.

In the grounds that follows, the petitioner would show this Court of the ineffectiveness of both his trial counsel and his appellate counsel.

4

The standards for judging appellate counsel's performance is the same as trial counsel's. The petitioner would also include in this memorandum of law the case cites in which he rely upon for the granting of this petition.

### GROUND ONE

**INEFFECTIVE ASSISTANCE OF COUNSEL... TRIAL COUNSEL INEFFECTIVE BY ADMITTING PETITIONER'S GUILT ON BOTH OPENING STATEMENT AS WELL AS CLOSING ARGUMENTS AFTER PETITIONER PLEAD NOT GUILTY TO ALL CHARGES**

It is the petitioner's contention in this ground for relief that his trial counsel rendered assistance which fell below the standard of competent assistance when, after entering a plea of not guilty to all charges, trial counsel repeatedly argued the petitioner's guilt during both opening statement as well as closing arguments.

The petitioner's trial counsel had not advised him of his strategy to concede his guilt to any of the counts he was charged with or any lesser included offense(s). The petitioner was shocked by his trial counsel's comments during opening statements and equally shocked by the comments on closing argument. At no time did the petitioner's trial counsel petition the court to make an inquiry as to the petitioner agreeing with such strategy.

The petitioner had asked his trial counsel to call both of his alleged co-defendants to testify in his behalf to show the court that he did not have anything to do with the planning and/or participation of the robbery and that he stated to them the only reason he asked the victim for her property was to keep any one of them from forcibly taking it and that he was planning on returning the property to her as soon as possible.

Trial counsel for the petitioner sought to call the petitioner's alleged co-defendants as defense witnesses, but the

petitioner's co-defendants were told by their attorneys not to testify in the petitioner's behalf. This, in no way, warranted the petitioner's attorney conceding his guilt of committing any crime.

During opening statement to the jury counsel stated the following:

> What my client did was while this was going on is commit a theft (T. 128).
>
> Quite frankly, what we come to you as defense counsel and defendant am telling you in our opening statement is listen to all the evidence, pay close attention and you will see that Todd Richardson may be no angel, he's badly overcharged in this case.
>
> And you will be able to convict him of the appropriate offense, that it should not be the one charged. So just pay close attention. See what you all come up with. Thank you very much (T. 129).

After the prosecution presented its case and clearly made it known to the defense that it would be seeking to convict the petitioner as a principal, the petitioner's trial counsel went on to argue in closing argument the petitioner's guilt. Trial counsel stated the following during closing:

> MR. LASWELL: What he started to do after Travis Russel began his kidnapping and his robbery was not nice. But it was theft (T. 288).
>
> MR. LASWELL: As a matter of fact, she testified that Juvenal Allen was going to rip off the necklace and he stopped Juvenal Allen, and told her to take it off and she did, and give me your purse, and she did. That's a theft. That's disrespect. That's showing no regard for another person's property whether it's $20,000 dollars or two dollars (T. 289-290).
>
> MR. LASWELL: And I'm asking you not to get carried away. Do not go above and beyond the evidence and speculation and theory, and pay

> attention to what the evidence showed, and convict my client of theft. Because I'll admit to you that's what he is guilty of, not guilty of robbery (T. 291).
>
> MR. LASWELL: So make this State of Florida tow the line. Examine the law. Examine the facts. Discuss the evidence. Come back with a verdict guilty to the lesser included offense of theft. Thank you (T. 292).
>
> MR. LASWELL: Travis Russel had controlled that, Travis controlled this whole thing. Damn fool that he is, he took advantage of that little girl and shame on him for it and convict him for it, for it, because he committed a theft (T. 312).
>
> MR. LASWELL: This kid should be convicted of theft (T. 313).

In **WILEY V. SOWDERS**, 647 F.2d 642 (6th Cir. 1981), the Court ruled that:

> ..."An attorney may not admit his client's guilt which is contrary to his client's earlier entered plea of 'not guilty' unless the defendant unequivocally understands the consequences of the admission...."

The court further stated:

> "While counsel may believe it tactically wise to stipulate to a particular element of a charge or to issue of proof, an attorney may not stipulate to facts which amount to the 'functional equivalent' of a guilty plea without the defendant's consent."

The Sixth Circuit recognized that a defense counsel's admission of a defendant's guilt before the finder of fact is the functional equivalent of a guilty plea which triggers the trial court's obligation to make an inquiry into the defendant's consent to the legal strategy.

Thus, in the case at bar, trial counsel should have secured the act of the trial judge making an inquiry into the petitioner's

consent to this supposed legal strategy. This is especially glaring where the prosecution had sought to proceed on the principal theory, where the petitioner would have been responsible for the acts of any of the occupants of the automobile.

Due Process requires a guilty plea to be intelligent and voluntary. **HEN LIN LU V. STATE**, 683 So.2d 1110 (Fla. 4th DCA 1996); **ASHLEY V. STATE**, 614 So.2d 486 (Fla. 1992); **BOYKIN V. ALABAMA**, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The petitioner's trial counsel was ineffective for failing to obtain petitioner's intelligent and voluntary consent before conceding guilt. The petitioner was denied his rights to due process, a fair trial and effective assistance of counsel under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, sections 9 and 16 of the Florida Constitution.

The consequences were disastrous: a thirty (30) year violent habitual offender sentence with ten minimum mandatory on count one and fifteen year minimum mandatory on count two.

## GROUND TWO

**INEFFECTIVE ASSISTANCE OF COUNSEL... TRIAL COUNSEL INEFFECTIVE IN FAILING TO OBJECT TO IMPROPER CLOSING ARGUMENT BY PROSECUTOR AND REQUESTING CURATIVE INSTRUCTION WHEN PROSECUTOR MIS-STATED THE LAW IN REFERENCE TO THE ELEMENTS OF PETIT THEFT**

During the State's closing argument, the State prosecutor proceeded to explain to the jurors the verdict form selections for the crimes to be presented by the trial judge. In counts one and two there were three selections (Armed Robbery; Strong Armed Robbery, and Petit Theft).

The prosecutor presented both Armed Robbery and Strong Armed Robbery properly; however, in his argument concerning the elements of proof for Petit Theft, he state the following to the jury:

> **MR. MILLIAN:** Then you will have Petit Theft under Armed Robbery. What is Petit Theft? You will hear about it. Petit theft is what the word tells you. It's insignificant. It's value is pennies. That's not what happened. Todd Richardson didn't walk somewhere and see some worthless item on the floor and take it....(T. 302).

It is the petitioner's contention that at this point his trial counsel should have objected and move the trial court to give a curative instruction explaining to the jury that the prosecutor's argument concerning the element of proof for petit theft were mis-stated.

In **CUMBIE V. STATE**, 378 So.2d 1 (Fla. 1st DCA 1978), the court ruled that a new trial is required when comments by the prosecutor were unfair and denied defendant the right to a fair trial.

10

The combined statements by the prosecutor, during closing argument, that the value of property in a petit theft was *pennies*, and the later statement that the petitioner didn't walk somewhere and see some *worthless* item on the floor and take it, were totally contrariwise to the definition of petit theft under Florida Statutes §812.014(2)(e).

The prosecutor also stated, without objection by defense counsel, that "the law doesn't care... how much money is involved... The law doesn't even say that... The law doesn't say it has some value" (T. 300-301). "Petit theft is what the word tells you. It is insignificant. Its value is pennies" (T. 302).

The prosecutor's comments presented a clear and prejudicial error. Value is an essential element of theft, which distinguishing two degrees of petit and four degrees of grand. **Section 812.014, Fla.Stat. (1997).** Value is an element which must be proven by the state beyond and to the exclusion of every reasonable doubt. **NEGRON V. STATE**, 306 So.2d 104, 108 (Fla. 1974). The jury may not be permitted to simply speculate about. **RANDOLPH V. STATE**, 608 So.2d 573, 575 (Fla. 5th DCA 1992).

Here value was important to the defense asserted by the petitioner's defense counsel, who conceded guilt for theft in hopes of avoiding convictions for the more serious crimes charged. The prosecutor's misstatement of the element, calling it insignificant, misled the jury as they considered the lesser offense.

Defense counsel's deficiency in failing to attempt to correct the mis-statement undermines confidence in the outcome of the case and shows a reasonable probability that the outcome of the trial

would have been different. **UNITED STATES V. BAGLEY**, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); **GROOVER V. STATE**, 489 So.2d 15, 17 (Fla. 1986).

The petitioner was denied his rights to Due Process, a fair trial and effective assistance of counsel under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 and 16 of the Florida Constitution and this court should reverse.

Alternatively, this court should reverse for an evidentiary hearing on this ground since the petitioner was never afforded an evidentiary hearing in the lower state court on this ground. This is in light of the fact that Florida Statutes §812.14(e) states that if the property stolen is valued at $100 or more, but less than $300 the offender commits "Petit Theft" of the first degree, punishable as a misdemeanor of the first degree as provided in s. 775.082 or s. 775.083.

The value of the property in the petitioner's case was approximately $160. During the jury instructions the court never advised the jurors that if the property stolen was valued at up to $300, it would amount to petit theft. Therefore, the jury was lead to believe that the petitioner couldn't possibly be found guilty of petit theft.

### GROUND THREE

**THE PETITIONER WAS DENIED DUE PROCESS AND A FAIR TRIAL UNDER ARTICLE I, SECTION 9 AND 16 FLA. CONST. AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHERE THE VERDICTS ON COUNTS ONE AND TWO ARE/WERE INCONSISTENT**

The petitioner made contact with the two victims in a shopping mall by calling them over to where he was to talk (T-131, 182). The petitioner spotted Linda Butler and Erica Outridge later standing at a bus stop outside and offered to give them a ride home (T.133, 185). Both women accepted the offer and the two of them got into the car.

Over the petitioner's protest that the girls should be taken home, an alleged co-defendant - who was driving the car - drove to a location behind a restaurant.

Once behind the restaurant the driver, Travis Russell, pulled out a gun and stuck it in the side of Linda Butler, who was in the front seat, and demanded her money and her gold (T. 134-35, 188). Another co-defendant, Juvenal Allen, while in the back seat with the petitioner and Erica Outridge, grabbed Ms. Outridge's gold chain (T-188).

The petitioner, who didn't want to see Ms. Outridge hurt, asked that Ms. Outridge give him the chain and her purse (T-189). Ms. Butler was able to escape from the vehicle (T-138) and Ms. Outridge was taken to a motel and released (T-193). After the police were alerted and began chasing the vehicle, the vehicle eventually stopped and four occupants jumped out and ran (T-215).

The petitioner was consequently charged with the armed robbery of both Ms. Linda Butler (who Travis Russell robbed at gun-point) and of Ms. Outridge (who was in the back seat and who the petitioner asked for her chain and purse to prevent her from being hurt from the other occupants of the car).

After a trial by jury the petitioner was convicted of armed robbery of Ms. Outridge - who was in the back seat and asked for her chain and purse - and of strong armed robbery of Ms. Butler - who was robbed at gun-point by Travis Russell in the front seat of the vehicle.

After trial, the defense filed a Motion to Correct or Reconsider Defective or Ambiguous Verdict or to Arrest Judgment, alleging, among other things, that the jury's verdict of guilty as charged of robbery with a firearm on Count II was inconsistent with the verdict on the lesser included offense of unarmed robbery on Count I (ROA. 47-49).

The verdicts are inconsistent, as claimed. Not only was it was Travis Russell who stuck a gun in Linda Butler's side and robbed her at gun-point, the victim (Ms. Outridge), who was only asked to give the petitioner her chain and purse, was never robbed at gun-point.

It was illogical for the jury to convict the petitioner of the more serious charge on count two of robbing Erica Outridge with a firearm, where in fact there was no firearm then turn around and convict the petitioner on the lesser offense of unarmed robbery in the case of Linda Butler, who robbed at gun-point by an alleged co-defendant.

Since both of the alleged robberies occurred in one single episode, it is apparent that the charges were interlocking. The jury is, in all cases, required to return consistent verdicts on interlocking charges. **GONZALEZ V. STATE**, 440 So.2d 514, 515 (Fla. 4th DCA 1983), quoting **EATON V. STATE**, 438 So.2d 822 (Fla. 1983). In *Gonzalez*, supra, the Fourth DCA recognized that in Florida "true" inconsistent verdicts may not stand.

The verdicts here were truly inconsistent and the petitioner prays that the conviction on count two be reduced to unarmed robbery, in order to make it consistent with count one. The present conviction on count one is a denial of due process and a fair trial under Article I, Sections 9 and 16 of **Florida Constitution** and the Fifth and Fourteenth Amendments to the **United States Constitution**.

## GROUND FOUR

**THE TRIAL COURT ERRED IN DENYING JUDGMENT OF ACQUITTAL ON COUNT ONE WHERE THE PETITIONER WAS MERELY PRESENT AT THE ROBBERY COMMITTED BY A CO-DEFENDANT**

It is the petitioner's assertion in this ground for relief that he was improperly convicted under count one of robbery of **LINDA BUTLER.**

In the case at bar the petitioner was charged with two counts of robbery with a firearm of **LINDA BUTLER** and **ERICA OUTRIDGE.** The petitioner was found guilty of robbery without a weapon of Linda Butler and guilty of armed robbery of Erica Outridge.

As to the robbery count against Linda Butler, the evidence was that this robbery was initiated independently by an alleged co-defendant **TRAVIS RUSSELL.**

Ms. Butler was in the front seat of the car between the driver, Russell, and another individual. Entirely on his own, and over the petitioner's protests that they should take both of the victims home, Russell pulled a gun on Butler and demanded money and jewelry.

Afterwards, a fourth individual, **JUVENAL ALLEN,** became involved by reaching forward from the back seat and taking a chain from around Butler's neck **(T. 134-136).**

There was no evidence that the petitioner intended to participate in Russell's and Allen's act, or that the petitioner even knew about what these two individuals intended to do beforehand. There wasn't even any evidence that the petitioner

16

knew Russell was armed. The evidence adduced only showed that the petitioner was merely present when the robbery of Linda Butler occurred.

Although the defense filed a motion for judgment of acquittal, arguing that there was no evidence that the petitioner robbed Butler, the motion was denied.

The law is clear that mere presence at the scene of a crime is not sufficient to convict. **CHAUDOIN V. STATE**, 362 So.2d 398 (Fla. 2d DCA 1978); **STATE V. PENNINGTON**, 534 So.2d 393 (Fla. 1988); and **GREEN V. STATE**, 460 So.2d 986 (Fla. 4th DCA 1984).

Nor can a conviction be upheld on a theory of aiding and abetting where a defendant is merely present at the scene and there is no proof of his intent to participate in the crime. **W.B. V. STATE**, 554 So.2d 577 (Fla. 3d DCA 1989); and **COOTS V. STATE**, 578 So.2d 873 (Fla. 2d DCA 1991). Also insufficient is mere knowledge. **M.F. V. STATE**, 549 So.2d 225 (Fla. 3d DCA 1989).

As pointed out in the Brief of Appellee in the petitioner's direct appeal, "The [petitioner's] conviction for the [robbery] of Linda Butler was not contingent on the jury also finding the [petitioner] guilty of the armed robbery of Erica Outridge. The counts are legally independent. **(Brief of Appellee, at page 12-13).**

Since the counts were legally independent and there was no evidence introduced which showed that the petitioner was anything more than present during the robbery of Linda Butler, the court should have granted the motion for judgment of acquittal.

The conviction on count one was a denial of due process and a fair trial under Article I, sections 9 and 16, **Florida Constitution**, and the Fifth and Fourteenth Amendments to the **UNITED STATES CONSTITUTION** and the petitioner's conviction on count one should be reversed and the petitioner discharged on this count.

## CONCLUSION

**WHEREFORE,** the petitioner prays that the Court grant him the relief to which he may be entitled in this proceeding.

Respectfully submitted,

_____
Todd Richardson

## JURAT AND VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

Feb. 2, 2000               _____
DATE                        Todd Richardson

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS has been forwarded to: Office of the Attorney General; 1655 Palm Beach Lakes Blvd.; West Palm Beach, FL 33401, by U.S. Mail on this 2nd day of February, 2000.

_____
Todd Richardson
DC# 961139 / B-3
Glades Correctional Inst.
500 Orange Avenue Circle
Belle Glade, FL 33430