FILED BY_____D.C.

2000 MAR 17 PM 12:27

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

TODD RICHARDSON,

    Petitioner,

Vs.

MICHAEL W. MOORE,

    Respondent,
_____/

Case No.00-6185-Civ Ferguso
Magistrate Judge Sorrentino

## PETITIONER RESPOND TO LIMITATION PERIOD

COME NOW, Petitioner, Todd Richardson, pro se, pursuant to the court order date February 22,2000, and file this memorandum stating that one or more of the four factors is justified for consideration for the petition for writ of habeas corpus in accordance with the AEDPA. And would state the following:

## MEMORANDUM

On February 19,1996, petitioner was charge by information in count one Strong Arm Robbery and count two Robbery w/a Deadly Weapon. The petitioner plead not guilty, and was sentence to thirty (30) years as a violent habitual offender.

On November 3,1998, petitioner filed a timely notice of appeal in the Fourth District Court of Appeal, that was per curiam affirmed February 4,1998. On May 1,1998 the petitioner filed a post conviction relief in the Seventeenth Judicial Circuit. On May

21,1998, the Seventeenth Judicial Circuit Court order the State of Florida to respond. On September 8,1998, the State Florida responded and agreed that a evidentiary hearing was needed in this matter. The lower court issue an order transporting the petitioner back to the lower court for an evidentiary hearing that was set for September 23,1998.

On October 30,1998, the lower court issue an order denying the petitioner motion post conviction relief. On November 3,1998, petitioner file his notice of appeal with directions to the clerk to be forward to the Fourth District Court Appeal. On October 6,1999, the Fourth District Court of Appeal denied the appeal.

On December 17,1999, the appellant file writ of habeas corpus in the Fourth District Court of Appeal. On March 9,200 the Fourth District Court of Appeal denied the appellant petition for writ of habeas corpus.

Petitioner contend the three months between the time of the filing of the motion for post conviction relief from May 1,1998 through out the evidentiary hearing and the denial of the post conviction relief date October 30,1998. Petitioner contend the one month between the time of the filing of the Notice of Appeal on November 3,1998.

Petitioner filed his *pro se* federal habeas corpus pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his conviction in count one Strong Arm Robbery and in count two Robbery w/a Deadly Weapon, in Broward County Circuit Court Case no.94-28844. Therefore, petitioner assert his federal habeas corpus is properly

2

before the court. The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of "limitation" in [subsection (d)]. Moveover, the Federal rule of Criminal Procedure 28 U.S.C. § 2244 (d)(2), this period of time "shall not be counted" as part of § 2244 (d)(1)'s one year period of limitation, Lovascz v.Vaughn,134 F.3rd 146 (3rd 1998).

As to judgement such as this, which become final after the effective date of the AEDPA, there is a judicially-created one year extension of time to file, which expired at the close of February 2000,Wilcox v. Fla. Department of Corrections, 158 F.3d 1209 (11 Cir.1998). The appellant would show by the filing of the "Direct Notice of Appeal" that was denied on February 4,1998, and appellant contend that from that point the appellant had until February 4,1999, to file his 28 U.S.C.2254 petition.

The grace period is tolled by properly-filed application for state post conviction relief. see Guenther v. Holt, 173 F.3d 1328 (11 Cir.1999); Lovascz v.Scig, 134 F.3d 146 (3rd Cir.1998);Miller v.New Jersay State Department of Correction, 145 F.3d 616 (3rd Cir.1998).

"A properly filed application requirements" is one submitted in accordance with the state's procedure requirements. Lovascz v.Scig, supra. When deterring whether a state pleading is "properly filed" requirement refers to the petitioner's compliance with state procedural requirements, such as notice to the

respondent, correct place of filing, and timeliness of the motion.

On February 2,2000, petitioner filed his pro se federal habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction in count one, strong arm robbery and count two, robbery with a deadly weapon, case no.96-3122 CF10C.

If a petitioner complies with state procedural requirements, his petition is a properly filed application for purposes of § 2244 (d)(2). Lovascz, supra (holding that a successive state petition for post conviction relief was properly filed. Thus, a court consideration whether the "tolling language" of the AEDPA applies must look to state law requirements.

## CONCLUSION

**WHEREFORE**, petitioner respectfully recommended that this petition for writ of habeas corpus be grant, as timely file.

*[signature]*
Todd Richardson,# 961139

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true copy of the foregoing "Petitioner Respond to Limitation Period" as been furnished by U.S. Mail to: Robert A.Butterworth, Assistant General, 2601 Blairstone Road, Tallahassee Florida.32399-1050 on this _15th_ day of March 2000.

*[signature]*
Todd Richardson,# 961139

4