UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6185-Civ-FERGUSON
MAGISTRATE JUDGE SORRENTINO

TODD RICHARDSON,                :

    Petitioner,              :

v.                              :            **REPORT OF**
                                             **MAGISTRATE JUDGE**
MICHAEL MOORE,                  :

    Respondent.              :

FILED by ___ D.C.
MAG. SEC.
OCT 05 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

I. Introduction

Todd Richardson has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his convictions and sentences for strong arm robbery and armed robbery with a firearm, entered after jury trial in Broward County Criminal Case No. 96-3122, the Honorable William P. Dimitrouleas, then Circuit Judge, presiding.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.



For its consideration of this petition (DE# 1), the Court has the petitioner's response to the order regarding the statute of limitations (DE# 10), and the response of the state to an order to show cause with multiple exhibits (DE# 12).

## II. Issues Presented

Richardson raises the following four claims:

1. He received ineffective assistance of counsel, who admitted the petitioner's guilt during both opening statement and closing argument.

2. He received ineffective assistance of counsel, who failed to object to the prosecutor's improper closing argument and request a curative instruction when the state misstated the elements of petit theft.

3. He was denied Due Process and a fair trial because the verdicts on counts one and two were inconsistent.

4. The trial court erred in denying the motion for judgment of acquittal on count one where he was merely present when the codefendant committed the robbery.

III. <u>Factual and Procedural History</u>

On March 13, 1996, Richardson was charged with two counts of armed robbery with a firearm, armed kidnaping, and aggravated fleeing and eluding. (DE# 12, Ex. 1). Richardson proceeded to jury trial, where the state presented evidence that he, two codefendants, and another young man were driving in a Nissan 300Zx when they saw the two female victims. Richardson had spoken to the two victims earlier, and the driver of the car, Russell, a codefendant, offered them a ride home. The two girls entered the car; one sat in the front seat on the passenger's lap, the other sat in the backseat between Richardson and Allen, the other codefendant.

Russell stated that he needed to drop some keys off to someone, but Richardson told him to take the girls straight home. Russell drove behind a restaurant, pulled out a gun, and stuck it in the side of the victim in the front seat, demanding her gold chain and money, and a struggle ensued. The chain was taken from her. The victim in the front seat got out of the car, and the car drove off with the second victim still in the back.

In the back seat, the codefendant Allen grabbed at the second victim's gold chain, and Russell pointed the gun at her as well. While Allen was grabbing at her chain, the petitioner, Richardson, stopped him from grabbing at her, and asked her for her chain and purse. The victim testified that she was afraid, and gave it to him. Codefendant Russell drove to a motel, let her out, and told her not to call the police.

The defense called the codefendants to testify, but they refused. Defense counsel argued that Richardson did not participate in the kidnapping or the robbery, but was guilty only of theft of the property from the victim in the back seat. Richardson was found guilty of strong arm robbery and armed robbery with a firearm. (DE# 12, Ex. 2). On February 25, 1997, Richardson was sentenced to thirty years imprisonment as an habitual violent felony offender. (DE# 12, Ex. 3).

Richardson appealed, raising the following claims:

1. The trial court erred in denying a motion for judgment of acquittal.

2. The trial court erred in instructing the jury on principals

3. The trial court erred in instructing the jury on robbery with a firearm.

    4.    The verdicts on Counts I and II were inconsistent.

(DE# 12, Ex. 4).

On March 23, 1998, the Court of Appeal affirmed the judgment. <u>Richardson v. State</u>, 710 So.2d 565 (Fla. 3 DCA 1998). The mandate issued April 13, 1998. (DE# 12, Ex. 4).

On May 15, 1998, Richardson filed a motion for postconviction relief pursuant to <u>Fla.R.Crim.P.</u> 3.850, asserting that counsel was ineffective for conceding his guilt to the jury, and for failing to object to the state's closing argument regarding the value element of petit theft. (DE# 12, Ex. 5). On October 30, 1998, the Court denied Richardson's motion. (DE# 12, Ex. 5). Richardson appealed the decision, which was affirmed on October 6, 1999. <u>Richardson v. State</u>, 743 So.2d 528 (Fla. 3 DCA 1999). The mandate was issued on October 22, 1999. (DE# 12, Ex. 6).

This federal petition is deemed filed on February 2, 2000, when Griffin signed it under penalty of perjury. In the absence of evidence to the contrary, it will be presumed that he delivered it to prison officials for mailing on that date. See <u>Adams v. United States</u>, 173 F.3d 1339 (11 Cir. 1999)("mailbox rule" applies

to a pro se prisoner's filing of a petition for writ of habeas corpus or a motion to vacate).

## IV. Discussion

### A. Claim One

Richardson asserts that he received ineffective assistance of counsel, who admitted the petitioner's guilt during both opening statement and closing argument. This claim was raised in Richardson's motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. Richardson appealed the denial of that motion, and this claim is thus exhausted.

The state court held a hearing on this claim, during which both Richardson and his lawyer, William Laswell, Esquire, testified. Richardson testified that his lawyer had told him that he would try to get some lessers, but had never told him that the strategy was to give him up on a petit theft. (DE# 12 at 220-227).

Laswell testified that he had been practicing criminal defense for approximately 25 years, and that he had discussed the strategy with his client. He believed that based on the facts, the best

6

result he could hope for was a verdict of guilt for the offense of petit theft, which would have resulted in a sentence of credit for time served. (DE# 12 at 228-235). The strategy was partially successful, as Richardson was acquitted of the kidnapping charges, but found guilty of a lesser, strong arm robbery, on one of the two armed robbery counts.

The court found that the trial strategy employed by counsel was, "not only sound, but that strategy was, in fact, discussed with the defendant Todd Richardson; and that Todd Richardson did concur with his attorney in employing the strategy that was ultimately utilized during the trial." (DE# 12 at 238).

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish that 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Thus, the petitioner must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be

satisfied. <u>Id.</u> at 697; <u>Waters v. Thomas</u>, 46 F.3d 1506, 1510 (11 Cir. 1995). Richardson has not made a showing of ineffective assistance of counsel.

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Supreme Court recently decided <u>Williams v. Taylor</u>, ___ U.S. ___, 120 S.Ct. 1496 (2000) and held that §2254(d)(1) places a new constraint on the ability of a federal court to grant a state petitioner's application for habeas relief, and directed federal courts to "ask whether the state court's application of clearly

8

established federal law was objectively unreasonable." (<u>Id</u>. at 26). Summing up the two part analysis, the Court explained:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

<u>Williams v. Taylor</u>, ___ U.S. ___, 120 S.Ct. 1496 at 1494-5 (2000).

Counsel's decision to admit to the much lesser offense of petit theft was a sound tactical decision in light of the evidence at trial, and the trial court's decision comports with both the unreasonable application and contrary clauses as discussed in <u>Williams v. Taylor</u>, <u>supra</u>.

### B. <u>Claim Two</u>

Richardson asserts that he received ineffective assistance of counsel, who failed to object to the prosecutor's improper closing argument and request a curative instruction when the state

misstated the elements of petit theft. The argument Richardson asserts was prejudicial was the following:

> ...pinning that young girl in the back of that automobile and telling her to give up her property and take her purse and take her money, to take a pathetic two dollars that she had on her person.
>
> You know the law doesn't care, when you do that, how much money is involved. Obviously, you all could tell there is value to all the things these girls had. The law doesn't even say that.
>
> The law doesn't say it has some value. Todd Richardson thought it was some value because he went in like a shark after the tongue...
>
> Then you will have a petit theft under an armed robbery. What is petit theft? You will hear about it. Petit theft is what the word tells you. Its insignificant. Its value is pennies.

This claim was raised in Richardson's Rule 3.850 motion, where the Court, in denying the claim, found that the comments complained of did not rise to fundamental error. (DE# 12, at 219). That finding was not unreasonable or contrary to established federal law.

## C. <u>Claim Three</u>

Richardson asserts that he was denied Due Process and a fair trial because the verdicts on counts one and two were inconsistent. This claim was raised and rejected on direct appeal.

Counts one and two each charged Richardson with armed robbery with a firearm, but against two different victims. Thus, a finding of guilt on one count was not dependent upon the finding of guilt on the other. Although the jury certainly could have returned guilty verdicts on both counts as charged, the fact that it did not did not result in legally inconsistent verdicts or a violation of Due Process.

## D. <u>Claim Four</u>

Richardson asserts that the trial court erred in denying his motion for judgment of acquittal on Count One, and argues that he was merely present when the codefendant committed the robbery. This claim was raised on appeal and is exhausted. It is, however, without merit.

The court did not err in denying the motion for judgment of acquittal on Count One because the evidence was sufficient to support a conviction. In fact the evidence against the petitioner was overwhelming. Both victims testified as to the petitioner's participation in these crimes. (TT 130-62, 181-200); See; Jackson v. Virginia, 443 U.S. 307 (1979).

## V. Conclusion

It is therefore recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: October 5, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc: Todd Richardson, Pro Se
DC# 961139
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, FL 33430-5221

Robert R. Wheeler, AAG
1655 Palm Beach Lakes Blvd., #300
West Palm Beach, FL 33401-2299