UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6185-CIV-FERGUSON
MAGISTRATE JUDGE SORRENTINO

TODD RICHARDSON,

    Petitioner,

vs.

MICHAEL W. MOORE, Secretary,
Department of Corrections,
State of Florida,

    Respondent.
_____/

### PETITIONER'S OBJECTIONS TO REPORT OF MAGISTRATE JUDGE

Petitioner, TODD RICHARDSON, files this his Objections to the Report of Magistrate Judge, which should be overruled by this Court in de novo review of the record.

I

Petitioner made a prima facie case showing of being denied due process of law and a fundamentally fair trial guaranteed by the Sixth and Fourteenth Amendments to the Constitution as established by decisional law of the Supreme Court. Williams v. New York, ___U.S.___, 120 S.Ct. 1496, 146 L.Ed.2d 435 (2000).

II

When the trial attorney admitted guilt of his client to the jury during opening and closing arguments, Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment. Francis v. Spraggins, 720 F.2d 1190 (11th Cir. 1983),

1

COPY IN CHAMBERS



held in similar circumstances, at 1194-95:

> ...[C]ounsel's complete concession of the defendant's guilt nullifies his right to have the issue of his guilt or innocence presented to the jury as an adversarial issue and therefore constitutes ineffective assistance. See Wiley v. Sowders, 647 F.2d 642, 650 (6th Cir.), cert. denied, 454 U.S. 1091, 102 S.Ct. 656, 70 1.Ed.2d 630 (1981).
> Our conclusion is consistent with that in Young v. Zant, 677 F.2d 792 (11th Cir. 1982). There we held that the defendant received ineffective assistance where counsel adopted the insanity defense without support, ignored obvious defenses, and conceded the guilt of his client in the mistaken belief that such an action was strategically necessary in order to make a strong plea for mercy.

State argued unsuccessfully that Spraggins' trial attorney had employed "strategy" and was not ineffective assistance under Sixth Amendment to the Constitution. Federal district court rejected this argument and granted habeas relief, which was affirmed by the Court of Appeals. This Court must follow Spraggins decisional law until it is overruled or Court of Appeals recedes from it by an en banc panel. Spraggins is decisional law embodying established Supreme Court decisions. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981). Yet, the Magistrate Judge opted to adopt the aforesaid [rejected] argument of the State in her Report to this Court. Other federal courts have considered this legal claim in habeas actions and awarded relief to other prisoner applicants. United States v. Swanson, 943 F.2d 1070 (9th Cir. 1991) and Osborne v. Shillinger, 861 F2.d 612 (10th Cir. 1988).

Defense counsel's statements to the jury were judicial admissions without prior knowledge or consent of the Petitioner violated the "Self-Incrimination Clause" of the Fifth Amendment.

2

Such prejudicial admissions were binding on trial and appellate courts. United States v. Bentson, 947 F.2d 1303, 1356 (9th Cir. 1991); United States v. Wilmer, 799 F.2d 502 (9th Cir. 1986); and American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226 (9th Cir. 1988).

Petitioner met the two-prong test requirements of Strickland v. Washington, 466 U.S. 668, 687, 104 s.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); therefore, the Report of the Magistrate Judge should be overruled and remanded with directions to reconsider this violation of his right to effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution.

### III

Petitioner's trial counsel failed to timely object and preserve for appellate review the prosecutor's erroneous statement of the law during the closing arguments to jury, which confused and misdirected the jury in its consideration of guilt or innocence of the offenses charged in the Information. Magistrate Judge opined that the prosecutor's comments "did not rise to fundamental error ... and was not unreasonable or contrary to established federal law." (Report, 9-10)

Petitioner objects to such a finding and conclusion of law that is contrary to established federal law announced in the Eleventh Circuit regarding prosecutorial misconduct. See United States v. Crutchfield, 26 F.3d 1098 (11th Cir. 1994)[prosecutor engaged in misconduct involving introduction of improper character evidence, disobedience of trial court's instructions and rulings,

3

and misconduct prejudiced the defendant's right to a fair trial].

Court's have held that improper argument of prosecutor may constitute fundamental error, on showing that 1) the prosecutor's remarks or conduct were improper and 2) such remarks or conduct prejudicially affected defendant's substantial rights to deprive him or her a fair trial. Cf, United States v. Roberts, 119 F.3d 1006 (1st Cir. 1997); United States v. Norton, 639 F.2d 427, 429 (8th Cir. 1981). The trial judge did not admonish the jury that the Court would instruct on the [proper] jury instruction and law for them to consider in determining the case nor did trial counsel interpose any objection to preserve the issue for appellate or collateral review.

The trial jury was subject to improper consideration of the law in relation to the case facts by the prejudicial prosecutorial remarks or statements that undermined the fact-finding process and a fundamentally fair trial, which warranted the contemporaneous objections by trial counsel but failed to do so. Rhue v. State, 603 So.2d 613 (Fla. 2d DCA 1992), after remand, 693 So.2d 567 (Fla. 2d DCA 1996)[Counsel's failure to timely object constituted error constitutional dimension and warrants a new trial]. Failure to object to prosecutorial misconduct and misstatement of the law deprived Petitioner of a fair jury trial and, thus, constituted ineffective assistance of counsel under Sixth Amendment and established federal case law of Strickland v. Washington, warranting overruling of the Report of Magistrate Judge by this Court.

4

IV

In <u>United States v. Russo</u>, 796 F.2d 1443, 1462 (11th Cir. 1986), the Court held that "inconsistent verdicts rendered in the same proceeding ordinarily cannot be upset. <u>United States v. Powell</u>, 469 U.S. 57, 105 S.Ct. 471, 475-77, 83 L.Ed.2d 461 (1984)(citing (<u>Dunn v. United States</u>, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932))." However, these two inconsistent verdicts of <u>unarmed</u> robbery of Linda Butler and the <u>armed</u> robbery of Erica Outridge involved interlocking charges and constituted a denial of due process of law in violation of the Sixth and Fourteenth Amendments to the Constitution. For example, the trial evidence was devoid of any person stating that Petitioner possessed a firearm and had threatened any of the girls to relieve them of their property that was taken by co-defendants.

Following Petitioner's jury trial, co-defendant Travis Russell pled guilty to using a firearm during commission of the robbery offenses and Juvenile Adams pled guilty with Russell of having taken the girls' jewelry and were sentenced to 55 months of imprisonment.

V

The inconsistent verdicts with lack of proof beyond a reasonable doubt for the elements of each offense of unarmed and armed robbery convictions were tantamount to convicting Petitioner without sufficient evidence beyond a reasonable doubt. This case is similar to <u>Gale v. State</u>, 726 So.2d 328 (Fla. 2d DCA 1999), where the Court held, at 329:

> The State contended that Shavers and Baker actually committed the robbery, but that Gale was the mastermind who planned the operation and disposed of incriminating evidence afterward. As such, the State's theory was that Gale was a principal. In order to convict on this theory, the evidence must prove that the defendant aided, abetted, or counseled, hired or otherwise procured the offense. See Section 775.011, Florida Statutes (1995).
> 
> To aid and abet means to help the person who actually committed the crime by doing or saying something that caused, encouraged, incited or assisted the criminal. See Swanson v. State, 713 So.2d 1097 (Fla. 4th DCA 1998). When the charged conduct is a specific intent crime, as was the case here, the State must prove the required specific intent to participate. "Mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation." Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986). While intent may be shown by circumstantial evidence, such proof must not only be consistent with the guilt of the accused, it must also be inconsistent with any other reasonable hypothesis of innocence. See id., at 10; see also State v. Law, 559 So.2d 187 (Fla. 1989).

Offense of "robbery" is an aggravated theft. There was a total lack of any credible evidence to support convictions that Petitioner had committed any theft from the alleged victim Linda Butler or Erica Outridge. which the co-defendants committed and pled guilty to the offenses. See White v. State, 645 So.2d 1122 (Fla. 3d DCA 1994), wherein the Court held:

> Defendant's conviction and sentence for one count of robbery with a firearm of Katherine Sanders must be reversed because there is no evidence that the defendant took any money or other property from the person or custody of Katherine Sanders, and, consequently, the evidence is insufficient to convict for this offense. Sec. 812.13(1), Florida Statutes (1991); Jackson v. State, 449 So.2d 411 (Fla. 2d DCA 1984); see Arnold v. State, 83 So.2d 105, 108 (Fla. 1955). Because the reversal of this conviction may change the sentencing guidelines range in this case, we must reverse the sentences imposed on the remaining convictions so that the defendant may be sentenced on such convictions.

The record is devoid of any evidence and testimony that

6

Defendant was an active participant or involved in the actual robbery offenses committed in a haphazard and unscheduled manner by the co-defendants.*/[1] Petitioner had attempted to discourage the co-defendants in robbing the girls. Petitioner was able to get the name and address of the girl beside him and had given her his name to telephone for a future date. This certainly belies any intent to commit a criminal offense upon her in any manner whatsoever!

State failed to prove that Defendant had any intent to commit robbery,*/[2] whatsoever to deprive [alleged] victims of money or

---

[1] Petitioner called the co-defendants to testify at his jury trial. On advice of their attorneys, they refused to testify and pled the Fifth Amendment "Self Incrimination Clause" of the United States Constitution.

While awaiting trial, co-defendant Juvenile Allen still possessed necklace jewelry taken from Erica Butler.

Petitioner never had possession of jewelry taken by Allen, who had taken her purse and threw it over to Petitioner. He examined the purse in her presence but returned it to her--without removing anything from the purse. She was told by Allen to leave the purse upon exiting the car.

Co-defendants, thereafter, took full responsibility for the robbery offenses upon the two girls, pled guilty, and were each sentenced to a term of 55 months imprisonment.

Defendant, who opted for jury trial, was sentenced to a term of 30 years as an habitual violent felony offender with a minimum mandatory term of 15 calendar years to serve before release.

[2] Robbery definition is set forth in 812.13, Florida Statutes (1995):

(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

(2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.

State failed to prove these necessary elements beyond a reasonable

7

property. Moreover, prosecution ran afoul the Double Jeopardy Clause of Fifth and Due Process Clause of Fourteenth Amendments to the Constitution. "Merely because one element of a single criminal act embraces two persons or things, a prosecutor may not carve out two offenses by charging the several elements of the single offense in different counts and designating only one of the persons or things in one count and designating only the other person or thing in the other count." Hunnicutt v. State, 755 P.2d 105, 111 (Okla.Cr.App. 1988), cited in Mansfield v. Champion, 992 F.2d 1098, 1101 (10th Cir. 1993) in granting habeas relief.

The Florida courts have held that Petitioner's "mere presence at crime scene," Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991), has been sufficient to convict him, although there was a lack of mens rea and devoid of actus reus to support convictions and sentences. Petitioner has been unconstitutionally, illegally, and unlawfully convicted and sentenced to a term of 30 years as a habitual violent felony offender. He is innocent (actual and legal) of the conviction, Pilchak v. Camper, 741 F.Supp. 782 (W.D.Mo. 1990), aff'd 935 F.2d 145 (8th Cir. 1991), and the sentences, Jones v. Arkansas, 929 F.2d 375 (8th Cir. 1991), entitling Petitioner to the writ of habeas corpus.

ACCORDINGLY, the Report of the Magistrate Judge should be

---

doubt and, thus, constituted a violation of due process of law. The State courts have held vicarious possession of a firearm during the commission of a robbery is not permitted. Bell v. State, 589 So.2d 1374 (Fla. 1st DCA 1991); Earnest v. State, 351 So.2d 957 (Fla. 1977); Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987).

8

OVERRULED. Petitioner's rights under 5th, 6th, and 14th Amendments to the Constitution were evidenced from the record proceedings and the State court misapplied established constitutional law of United States Supreme Court.

Respectfully submitted,

Richardson Todd 961139
Todd Richardson, DC#961139

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed this 12th day of October, 2000, to OFFICE OF ATTORNEY GENERAL, 1655 Palm Beach Lakes Boulevard, Rm 300, West Palm Beach, FL 33401, counsel for Respondent.

Todd Richardson, DC#961139
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, FL 33430-5221

Petitioner in Proper Person

Calvin Carlos Campbell
Document Preparer

9