## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDAOF FLORIDA

CASE NO: 00-6185-Civ-FERGUSON

### TODD RICHARDSON,

Petitioner.

vs.-

### MICHAEL W. MOORE, Secretary,

Florida Department Of Corrections. et al..

Respondent(s).

---

### PETITION FOR CERTIFICATE OF APPEALABILITY

---

### TODD RICHARDSON

Petitioner/Appellant, pro se

Todd Richardson
DC# 961139. A2-217U
Glades Correctional Institution
500 Orange Avenue Circle
Belle Glade, FL 33430-5221



**TABLE OF CONTENTS:**

## TABLE OF CONTENTS:

TABLE OF CONTENTS………………………………………………………………ii

TABLE OF CASE CITATIONS……………………………………..………………iii

I. JURISDICTION……………………………………………………………………..1

II. PRELIMINARY STATEMENT……………………………………………………..2

III. CERTIFICATE OF INTERESTED PARTIES………………………………………2

IV. STATEMENT OF CASE AND FACTS…………………………………………..3

V. SUMMARY OF THE ARGUMENT……………………………………………………7

VI. ARGUMENT(S) - GROUND I:
TRIAL COUNSEL WAS PATENTLY INEFFECTIVE WHEN HE CONCEDED THE PETITIONER'S GUILT AT TRIAL, IN VIOLATION OF HIS RIGHT TO PROTECTION AGAINST INVOLUNTARY SELF-INCRIMINATION, *(AND CONTRARY TO HIS PLEA OF NOT GUILTY)*, AND IN DOING SO ALSO VIOLATED HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.
………………………………………………………………………………………8

VII. CONCLUSION…………………………………………………………………..14

VIII. CERTIFICATE OF TIMELY FILING…………………………..………………14

IX. CERTIFICATE OF SERVICE……………………………………………….15

**TABLE OF CASE CITATIONS**:

*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709,

        23 L.Ed.2d 274 (1969)………………………………………………12

*Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164,

        100 L.Ed.2d 84 (1955)……………………………………………..…12

*Ramirez v. U.S.*, 17 F.Supp.2d 63 (D, RI, 1998)……………………………………12

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052,

        80 L.Ed.2d 674 (1984)……………………………………………..9

*Taylor v. State*, 695 So.2d 1293 (Fla. 4th DCA 1997)……………………………………11

*U.S. v. Simone*, 931 F.2d 1186 (C.A. 7, 1991)……………………………………13

*U. S. v. Chronic*, 466 U.S. 648, 656, 104 S.Ct. 2039,

        80 L.Ed.2d 657 (1984)……………………………………………..13

*Wiley v. Sowders*, 647 F.2d 642 (C.A. 6, 1981)……………………………………8

**TABLE OF ADDITIONAL AUTHORITIES**:

Title 28 U.S.C. § 2253(c)(1)(A) & Supra………………………………………………..2

Title 28 U.S.S. § 2254(d)………………………………………………………Supra

Title 28 U.S.C. § 1746……………………………………………………………14

Fed.R.App.P., Rule 4(c)(1)……………………………………………………..14

Fed.R.App.P., Rule 5(a)(1) & (b)(1)……………………………………………..2

U.S. Constitution, Amendment 5 ………………………………………………….Supra

U.S. Constitution, Amendment 6………………………………………………….Supra

U.S. Constitution, Amendment 14 ……………………………………………….Supra

iii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6185-Civ-FERGUSON
MAGISTRART JUDGE SORRENTINO

TODD RICHARDSON,
    Petitioner,
vs.-                                **PETITION FOR CERTIFICATE**
MICHAEL W. MOORE, Secretary,      **OF APPEALABILITY**
Florida Dept. of Corrections, et al.,
    Respondent(s).

COMES NOW, TODD RICHARDSON, petitioner in the above-styled cause, appearing in propria persona, who, pursuant to Title 28 U.S.C. § 2253, hereby submits the instant petition for leave to appeal, seeking a certificate of appealability from this Honorable Court, in order to appeal the denial of his petition for writ of habeas corpus, (specifically, the issue presented herein), to the United States Eleventh Circuit Court of Appeals, said final order of denial having been rendered by this Court on October 23, 2000, and who, as grounds therefore, and in support thereof, would say:

### I. JURISDICTION:

This Court has jurisdiction pursuant to Title 28 U.S.C. § 2253(c)(1), which provides that "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from - (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of the process issued by a State Court...".

Here, the Petitioner was convicted and sentenced in the 17th Judicial Circuit, in and for Broward County, State of Florida, Case No: 96-3122-CF-10-C.

1

Following exhaustion of all available State remedies, a petition for writ of habeas corpus was filed in the United States District Court, Southern District Of Florida, Case No: 00-6185-Civ-FERGUSON, and said petition was denied on October 23, 2000, by the Hon. Wilkie D. Ferguson, Jr., without opinion, except for the statement:

"For the reasons stated in the report of the magistrate Judge…".

A copy of that opinion is attached hereto, included and incorporated by reference, and identified as *EXHIBIT "A"*.

## II. PRELIMINARY STATEMENT:

The petitioner asserts that the denial of his petition by this Court was in error, and is contrary to the protections to which he is entitled pursuant to the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution as will be demonstrated herein and below, and that since such denial results in his continued incarceration in violation of his fundamental due process liberty interests, this Court should grant him leave to appeal to the United States Eleventh Circuit Court of Appeals for review of the specific issues enumerated herein and below.

## III. CERTIFICATE OF INTERESTED PARTIES:

1.) The PETITIONER is identified as:

> Todd Richardson, (appearing in propria persona), whose address is:
> DC# 961139, A2-217U
> Glades Correctional Institution
> 500 Orange Avenue Circle
> Belle Glade, (Palm Beach County), FL 33430-5221.

2.) The RESPONDENT(s) are identified as:

> Michael W. Moore, Secretary, Florida Department of Corrections, and
> The State Of Florida, et al.,
> (who are represented by):
>
>> Robert R. Wheeler, Assistant Attorney General
>> Dept. Of Legal Affairs, Civil Litigation Division
>> 1655 Palm Beach Lakes Blvd., Suite 300
>> West Palm Beach, FL 33401-2299.

3.) Additional Interested Parties are identified as:

- a.) Linda Butler, (alleged victim);
- b.) Erica Outridge, (alleged victim);
- c.) The Hon. William Dimitrouleas, Circuit Judge of the 17th Judicial Circuit Of Florida, (original trial court Judge);
- c.) Alberto Milian, Asst. State Attorney, 17th Judicial Circuit Of Florida, (prosecution);
- d.) William Laswell, Asst. Public Defender, 17th Judicial Circuit of Florida, (trial counsel);
- e.) Georgina Jiminez-Orosa, Asst. Atty. General of Florida, (appellee's counsel);
- f.) Allen J. DeWeese, Asst. Public Defender, 15th Judicial Circuit of Florida, Appellate Division, (petitioner/appellant's counsel);
- g.) The Hon. Wilkie D. Ferguson, Jr., District Court Judge, United States District Court, Southern District Of Florida.

## IV. STATEMENT OF THE CASE AND FACTS:

The petitioner will provide an abbreviated statement of the case and facts germane to consideration of the instant petition alone, in an effort to conserve scarce judicial resources while providing a factual understanding of the underlying circumstances.

1.) On March 13, 1996, the petitioner and two other 'co-defendants' were charged by information in the case sub judice with two counts of armed robbery with a firearm, armed kidnapping, and aggravated fleeing and eluding.

2.) He proceeded to jury trial where the evidence demonstrated that while a passenger in a car with two other males, (ultimately, his 'co-defendants'), the driver of the car stopped to offer two female pedestrians, (ultimately, the alleged victims), and offered to give them a ride home.

3

3.) The driver apparently tried to make an excuse for deviating from a direct route home for the girls, and the petitioner herein, sensing some ulterior motive, interjected and told the driver to take the girls directly home.

4.) Ignoring him, the driver drove behind a restaurant, stopped, and upon pulling out a handgun and pointing it at one victim, proceeded to rob her.

5.) A physical struggle ensued, during which the victim's gold chain was snatched from her neck - after which she immediately exited the automobile.

6.) The vehicle drove off immediately, with the second victim still in the car.

7.) Another of the co-defendants began to grab at the gold chain of the second victim, while the initial perpetrator pointed the gun at her.

8.) Fearing for her safety, the petitioner tried to intervene to prevent any harm from coming to her, and told her to take off her chain and surrender her purse.

9.) The petitioner had no prior knowledge of any intent of his companions to rob the two girls; he was as surprised as they at the occurrence of the crime. He had told the driver to take them straight home, sensing something afoul, immediately before the first victim was robbed, and had no <u>intent</u> to personally 'rob' the second victim. His <u>intent</u> was to *prevent* physical harm to her, and in order to accomplish that protective goal, asked her to surrender the items sought by his co-defendants, which, after she did, he immediately turned the items over to them.

10.) The petitioner was a victim of circumstance, i.e., being at the wrong place at the wrong time, with the wrong companions. That was his theory of defense, plain and simple.

11.) He entered a plea of ***not guilty***.

12.) However, although he had discussed trial strategy in depth with his attorney, and agreed to request jury instructions for lesser-included crimes, he had *no intention to change his plea.*

4

13.) Without his knowledge or consent, his trial counsel conceded his guilt at opening argument, throughout the course of the trial, and in closing argument, in violation of the petitioner's right to protection against self-incrimination provided by the Fifth Amendment to the U.S. Constitution.

14.) By doing so, counsel rendered fundamentally ineffective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution.

15.) The provisional guarantees of the Fourteenth Amendment to the U.S. Constitution make the provisions of the Fifth and Sixth Amendments applicable to the States, and also incorporates the due process and equal protection provisions which were necessarily and inherently violated by and through the context of the above scenario.

16.) The petitioner completely exhausted his available State remedies, as fully conceded by the Respondents, and as stipulated by Magistrate Judge Sorrentino in her report and recommendation in the case at bar, which is hereby incorporated and included by reference.

17.) The petition for writ of habeas corpus itself was timely-filed on February 2, 2000, (also conceded and stipulated as above); and Judge Sorrentino's Report was filed on October 5, 2000.

18.) On October 12, 2000, the petitioner filed his objections to the Magistrate's Report.

19.) The 12th being a Thursday, the Objection could not reasonably have been before the Judge before Monday, October 16, 2000, and despite the overwhelming Constitutional implications of this case, the order of "Denial" was filed exactly one week later, on Monday, October 23, 2000, again, with the only stated opinion as: "For the reasons stated in the report of the Magistrate Judge…".

20.) The magistrate Judge relied on § 104(d) of the AEDPA [28 U.S.C. § 2254(d)], as "…[A] significant new restriction upon the ability of Federal Courts to grant habeas relief. It provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court *shall not be granted with respect to any claim* that was adjudicated on the merits in State court proceedings *unless* the claim -
> (1) resulted in a decision that was *contrary to,* or involved an unreasonable application of, clearly *established Federal law,* as determined by the Supreme Court of the United States; or
> (2) resulted in a *decision that was based on an unreasonable determination of the facts* in light of the evidence presented in the State Court proceeding." (emphasis *added*).

21.) Here, the petitioner asserts that both prongs were met, as the decision of the State court was both contrary to *'clearly established federal law'* and was *'an unreasonable determination of the facts in light of the evidence'* presented.

22.) Thus, the Judge's conclusion, (and this Court's adoption of the conclusion that): "Counsel's decision to admit to the much lesser included offense of petit theft was a sound tactical decision in light of the evidence at trial, and the trial court's decision comports with both the unreasonable application and contrary clauses as discussed in *Williams v. Taylor*[1], *supra.* ", was *wholly unreasonable,* as the petitioner seeks to prove on appeal to the United States Eleventh Circuit Court Of Appeal.

23.) Accordingly, the instant petition for leave to appeal follows.

---

[1] *Williams v. Taylor,* ___ U.S. ___, *120 S.Ct. 1496 (2000)*.

## V. SUMMARY OF ARGUMENT:

The petitioner will demonstrate that the District Court erred in the denial of his petition for writ of habeas corpus, filed pursuant to Title 28 U.S.C. § 2254, specifically, in denying GROUND I, which, (albeit 'inextricably intertwined' with the remaining grounds), is the sole ground to be raised herein.

Simply, the petitioner will show that he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution, when his counsel, without the petitioner/defendant below's prior knowledge or consent, (and in fact, in direct opposition to his plea of *not guilty*), conceded his guilt at trial, in violation of the petitioner's Fifth and Fourteenth Amendment Rights to protection against self-incrimination, and due process of law, and, that the reviewing state courts decision(s) were contrary to established Federal law, and, were unreasonable in light of the evidence produced at trial and raised on review.

The District Court applied the wrong standard of review in reaching its conclusory determination, in erroneous reliance on the provisions of § 104 of the AEDPA, (28 U.S.C. § 2254(d)(1) & (2), (having done so *without* having afforded the petitioner an evidentiary hearing on this issue alone), despite the extreme prejudice that was and is being suffered by the petitioner.

The Constitutional violations complained of by the petitioner, who had no intent to commit *any* crime, (but who was as unfortunate as the alleged victims themselves in so far as he was *present* at the scene - and whose only actions were undertaken in an attempt to *protect the victim(s)* from physical harm), left unchecked, amount to nothing less than a manifest injustice.

The petitioner has met his burden of proof, and relief is warranted.

Accordingly, he should be permitted to appeal the decision of this Court to the United States Eleventh Circuit Court Of Appeals.

## VI. ARGUMENT - *GROUND I:*

**TRIAL COUNSEL WAS PATENTLY INEFFECTIVE WHEN HE CONCEDED THE PETITIONER'S GUILT AT TRIAL, IN VIOLATION OF HIS RIGHT TO PROTECTION AGAINST INVOLUNTARY SELF-INCRIMINATION, *(AND CONTRARY TO HIS PLEA OF NOT GUILTY),* AND IN DOING SO ALSO VIOLATED HIS RIGHTS TO DUE PROCESS AND EQUAL PROTECTION, IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION.**

"In pleading not guilty, a petitioner may exercise his right to silence, and stand mute". *Anders v. California, 386 U.S. 738, 743, 87 S.Ct. 1396, 18 L. Ed. 2d 493 (1967).* Here, the record is abundantly clear that the petitioner's plea was not guilty.

However, the record is also clear that from the very beginning, i.e., (1) at opening argument; (2) throughout the course of the trial; and (3) during closing argument, counsel repeatedly conceded his client's guilt - *without,* (repeat: *without),* his client's knowledge or consent.

The controlling precedent has been firmly established in federal law, as annunciated in the extremely analogous case of *Wiley v. Sowders, 647 F.2d 642 (6th Cir.), cert. Den., 454 U.S. 1091, 102 S.Ct. 656, 70 L. Ed. 2d 630 (1981),* to wit:

> "…[A]n attorney *may not admit his client's guilt,* which is contrary to his client's earlier entered plea of 'not guilty', *unless the defendant unequivocally understands the consequences of the admission. While counsel may believe it tactically wise* to stipulate to a particular element of a charge or to an issue of proof, an attorney may not stipulate to facts which amount to the 'functional equivalent' of a guilty plea without the defendant's consent…Here, counsel's closing argument not only failed to perform this function, but tantamount to an admission of guilt…. Counsel abdicated his client's position…. Such failures cannot be overlooked as mere errors in judgment or trial strategy. (emphasis added). See Also: *Wiley v. Sowers, 669 F.2d 386 (6th Cir., 1982); i.e., Wiley II).* (emphasis *added).*

A virtual plethora of similar cases have reached the identical conclusions, such as *People v. Hattery*, 109 Ill.2d 449, 94 Ill.Dec. 514, 488 N.E.2d 513 (1985); cert. den. 478 U.S. 1013, 106 S.Ct. 3314, 92 L.Ed.2d 727 (1986); *State v. Harbison*, 315 N.C. 175, 337 S.E.2d 504 (1985), cert. den, 476 U.S. 1123, 106 S.Ct. 1992, 90 L.Ed 2d 672 (1986); *Osborn v. Shillinger*, 861 F.2d 612 (C.A.10, 1988); *Young v. Zant*, 506 F Supp. 274 (1980), and 677 F.2d 792 (1982); etc..

In making his claims, both for post conviction (and the appeal thereof) in the State courts, as well as in his 28 U.S.C. § 2254 petition in this Court, the petition relied upon the provisions for determining the effectiveness of counsel annunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and specifically, the two-prong test, to wit: (1), the petitioner must prove that counsel's performance fell below an objective standard of reasonableness under the circumstances, and (2), that he was prejudiced thereby, to the extent that the outcome of the trial was unreliable, and fundamentally unfair.

The petitioner has done just that.

If, for instance, the State has concluded its case, and the evidence produced at trial was overwhelmingly detrimental to a defendant, a lawyer may, *after* consultation with the client, decide that the strategy of concession of guilt to a lesser crime is appropriate. A tactical decision may likewise be made to admit or concede complete guilt, if it is done with the intent to seek 'leniency', or 'jury pardon', at the punishment phase of a trial - but again, *after* consultation with the client.

Here, from the very outset of trial, counsel took it upon himself to concede the petitioner's guilt - without having consulted him or obtained his consent or waiver (of his Fifth Amendment Right).

Thus, from the very beginning the jury was 'put on notice', by the defendant, (through counsel's actions), that *he was guilty*, despite his formal plea of *not guilty*. The resultant 'confusion' as to the defendant/petitioner's credibility was such that he could not possibly have received a fair determination.

The State's burden was lifted, from having to prove that *any* crime was committed by the defendant, to simply trying to prove a heightened and more serious crime.

9

Petitioner's counsel made repeated reference to his guilt throughout the proceedings - thus, the jury had it repeatedly instilled in their minds that the petitioner was guilty...by counsel, by the State. How could they have made any other determination?

If guilt had not been conceded from the outset, the entire course of the trial would indeed have been different, as the burden and standard of proof would not have been lessened or shifted, and the gist of the evidence adduced might well have been different as well. The 'intent' of the defendant would have become the focus of the defense, with the presumption of innocence still present.

It cannot be said that the same evidence would have been presented; that it would have been viewed in the same light as it was with the inherent 'knowledge' of guilt; and thus it cannot be said that the result would have been the same.

The result before this Court for review is wholly unreliable.

Then, at the evidentiary hearing that followed in the State proceedings, the controversy centered on the defendant/petitioner's understanding that as 'strategy', counsel would seek *jury instructions on lesser-included crimes*; whereas counsel's position was that he had communicated with the petitioner that strategy was to *admit to lesser-included crimes*.

There is a major difference between a strategy and a waiver of a fundamental right.

Counsel for the defense *never* confronted the petitioner with a waiver, nor informed the petitioner he was going to concede his guilt - 'effectively' changing the plea from not guilty to guilty.

At any rate, the postconviction motion was denied at the State level, as was the appeal thereon.

The petitioner brought his claims to this Court, with those lower tribunal decisions cloaked in the presumption of correctness, and with the burden of demonstrating that relief was warranted. In review of his claims, Magistrate Judge Sorrentino cited § 104(d) of the AEDPA as the proper standard of review, and relied on the holdings of *Williams v. Taylor*, ___ U.S. ___, 120 S.Ct. 1496 (2000)

Again, the Hon. Judge. Wilkie D. Ferguson, Jr., in ruling on the petition, relied in toto on the recommendation and report of Judge Sorrentino, and the petitioner maintains that the conclusions of this Court were in error, and that he has met his burden of proof under the new provisions of AEDPA.

Again, the pertinent provision at issue, AEDPA, 28 U.S.C. § 2254(d), states:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court *shall not be granted with respect to any claim* that was adjudicated on the merits in State court proceedings *unless* the claim -
- (1) resulted in a decision that was *contrary to*, or involved an unreasonable application of, clearly *established Federal law*, as determined by the Supreme Court of the United States; or
- (2) resulted in a *decision that was based on an unreasonable determination of the facts* in light of the evidence presented in the State Court proceeding."

Clearly, the claim presented herein, for which leave to appeal is sought, raises an issue where the decision of the State court was contrary to established Federal law, and it was also based upon an unreasonable determination of the facts in light of the overwhelming evidence adduced - evidence which demonstrated that the defendant below was not aware of his counsel's intended waiver of his rights, (and effective 'change of plea'), and that he made no affirmative waiver of that/those [associated] rights.

The trial court itself failed to confirm the defendant's 'change of plea', and/or, waiver of rights.

The reviewing court applied the wrong standard of review at the State level, in light of clearly established Federal law, and this Court has done the same in the case at bar.

A brief synopsis of pertinent case law supports the petitioner's position in its entirety. The law of the State of Florida is unequivocal: "Defense counsel may not admit defendant's guilt which is contrary to defendant's earlier entered plea of "not guilty" unless defendant unequivocally understands consequences of admission", as held in *Taylor v. State, 695 So.2d 1293 (Fla. 4th DCA 1997)*, (the same court that denied the appeal on his post conviction motion - contrary to its own expressed opinion), in violation of the defendant's right to equal protection.

The *Taylor* Court continued that "While it may believe it tactically wise to stipulate to particular element of charge or issues of proof, he may not stipulate to facts which amount to functional equivalent of guilty plea *without defendant's consent*".

Again, the petitioner did not consent. But State law is not at issue here...it is controlling Federal case law that must have been misapplied or thwarted to warrant relief.

Thus, we can look to *Ramirez v. U.S., 17 F.Supp.2d 63 (D. RI, 1998)*, where the Court held that, while counsel is not required to consult a defendant with respect to *every* tactical decision, the "Failure to obtain a defendant's approval before conceding guilt to *any* charge, no matter how tactically sound the concession may have been, is not a practice that should be condoned." Certainly, viewed against the backdrop of the facts in the case sub judice, that concession has resulted in a manifest injustice. Looking deeper into Federal precedent, the petitioner calls this Court's attention to *Michel v. Louisiana, 350 U.S. 91, 76 S.Ct. 158 (1955)*, the court there held that "A constitutional right may be forfeited in criminal cases...by failure to make [a] timely assertion of [that] right."

Here, the rights in question have indeed been timely asserted, and all State remedies exhausted, leaving it to the Federal Courts to right the wrongs left unchecked in the State Courts. Certainly, the intent of the AEDPA was to 'tighten the perimeter' of the habeas camps, but to leave the gate open to those who have legitimate, properly-preserved and asserted claims such as the instant one.

Our United States Supreme Court, in *Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)*, advanced that principle when it determined that "The question of an effective waiver of federal constitutional right in a proceeding is governed by federal standards." Again, the petitioner effected no waiver of the rights asserted herein, implicit, or implied. And, as *Boykin* also stated, "A plea of guilty is *more than a confession* which admits that the accused did various acts; *it is itself a conviction;* nothing remains but to give judgment and determine punishment."

Thus, there was no 'trial', fair or otherwise. Upon counsel's concession of guilt before the State even presented its case, the jury was charged with determining the level of 'punishment' which was due the petitioner, by way of determining the severity of the charges upon which judgment would ultimately be entered.

There was no true adversarial process, but rather, merely a weighing of aggravating and mitigating facts to determine the 'level of punishment' in light of pre-determined guilt - as conceded by counsel.

In *U.S. v. Simone*, 931 F.2d 1186 (C.A.7, 1991), the Court was clear that 'Defense counsel's deliberate, explicit admission that jury should find client guilty of charge, in *absence of any suggestion that defendant concurred* to proceed in such manner is disapproved. U.S.C.A. Const. Amend. 6".

Obviously, the ineffectiveness of counsel is beyond question once the totality of the facts are considered in the case at bar. The United States Supreme Court made that point perfectly clear in *U.S. v. Chronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), which is, perhaps, the controlling case in this area of law. The *Chronic* Court stated that:

> If no actual assistance for the accused's defense is provided, the constitutional guarantee has been violated…Even where no theory of defense is available, if decision to stand trial has been made, counsel must hold the prosecution to its heavy burden of proof beyond a reasonable doubt."

Again, here, the petitioner was an 'unwilling participant', with no intent to commit *any* crime, so there was a viable defense available. If, *following* trial, the jury instructions on the lesser-included offenses to which the petitioner and his counsel had agreed upon were presented, the result may have even been a lesser finding of guilt. But, a man going *into* trial, who has been labeled by his own advocate as being guilty, while the jury was informed that he had plead not guilty, would have no credibility whatsoever in the eyes of the jury…and, as in the case at bar, verdicts of guilty on charges which the evidence and testimony proved that he didn't commit could/would be forthcoming.

The petitioner is not guilty of the charges of which he stands convicted. *He* plead not guilty. *Counsel* entered a 'de facto' plea of guilty…albeit to lesser charges, abandoning a viable theory of defense in the process; the prejudice is overwhelmingly obvious, and relief must be, (and should have been), granted, and he petitioner asserts that if he is granted leave to bring this matter before the United States Eleventh Circuit Court of Appeal, for review based upon this sole issue/claim, that he will prevail.

Accordingly, the relief(s) so-prayed herein should be granted.

### VII. CONCLUSION:

WHEREFORE, based on the above and foregoing facts, grounds, and controlling Federal case law, the petitioner prays this Honorable Court grant the instant petition, and issue a "Certificate Of Appealability", allowing him to seek review of the Claim raised herein by the United States Eleventh Circuit Court Of Appeal, and to further grant any and all additional and/or alternative relief(s) available according to law and as deemed appropriate by this Honorable Court.

Respectfully Submitted,

TODD RICHARDSON, pro se

### VIII. CERTIFICATE OF TIMELY FILING:

UNDER PENALTY OF PERJURY, I, TODD RICHARDSON, pro se petitioner in the above-styled cause, and the Affiant herein, do hereby declare that the above and foregoing facts and grounds are true and correct, and that the instant petition has been timely-filed pursuant to Rule 4(c)(1), Fed.R.App.P., via submission to Institutional Authorities for mailing to this Court and all parties, on this 22nd day of November, 2000.

(Accord: Title 28 U.S.C. § 1746).

TODD RICHARDSON

## IX. CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been filed by me, and furnished via submission to institutional authorities for mailing/filing to this Court and:

    Robert R. Wheeler, Assistant Attorney General
    Dept. Of legal Affairs, Civil Appellate Division
    1655 Palm Beach Lakes Blvd., Suite 300
    West Palm Beach, FL 33401,

on this 22nd day of November, 2000.

                                                            Todd Richardson
                                                            DC# 961139, A2-217U
                                                            Glades Correctional Institution
                                                            500 Orange Avenue Circle
                                                            Belle Glade, FL 33430-5221