

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

August 15, 2002

RE: 01-14119-JJ  Todd Richardson v. Sec. for the Dept. of Corr.
DC DKT NO.: 00-06185 CV-WDF

TO:  Clarence Maddox

CC:  Todd Richardson (#961139)

CC:  Bart Schneider

CC:  Richard Chambers Valuntas

CC:  Robert R. Wheeler

CC:  Hon. Charlene H. Sorrentino

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

August 15, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 01-14119-JJ     Todd Richardson v. Sec. for the Dept. of Corr.
DC DKT NO.: 00-06185 CV-WDF

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: two volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit



No. 01-14119

District Court Docket No.
00-06185-CV-WDF

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jun 26, 2002

THOMAS K. KAHN
CLERK

TODD RICHARDSON,

    Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
Michael W. Moore,

    Respondent-Appellee.

---

Appeal from the United States District Court
for the Southern District of Florida

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.



    Entered: June 26, 2002
For the Court: Thomas K. Kahn, Clerk
        By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 01-14119
Non-Argument Calendar



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 26, 2002
THOMAS K. KAHN
CLERK

D.C. Docket No. 00-06185-C-WDF

TODD RICHARDSON,

Petitioner-Appellant.

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
Michael Moore,

Respondent-Appellee.

Appeal from the United States District Court for the
Southern District of Florida

**(June 26, 2002)**

Before BLACK and MARCUS, Circuit Judges, and SHAPIRO*, District Judge.

PER CURIAM:

---

*Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

Todd Richardson, a Florida state prisoner proceeding pro se, appeals denial of his petition for habeas corpus under 28 U.S.C. § 2254. Richardson argues his counsel's actions in conceding Richardson's guilt of a lesser included offense were per se unconstitutional under our holding in Francis v. Spraggins, 720 F.2d 1190 (11th Cir. 1983), cert. denied, 470 U.S. 1059 (1985) (strategy of admitting defendant's guilt of the offense charged not reasonable where defendant had pled not guilty, testified he was not guilty, and no alternate defense was presented).

## BACKGROUND

Richardson was charged with one count of armed robbery, one count of robbery with a deadly weapon, and one count of kidnaping. At trial, victims identified Richardson as the robber and police testified Richardson had the victims' jewelry with him when he was arrested. Richardson's counsel argued Richardson was overcharged for the offenses, and was guilty only of petty theft. Richardson did not testify.

The jury convicted Richardson of the lesser included offense of strong-arm robbery and robbery with a deadly weapon. He was acquitted of kidnapping. As a habitual violent offender, Richardson was sentenced to 30 years' imprisonment.

Richardson appealed, and the convictions were affirmed by the Court of Appeals for the Fourth District of Florida. Richardson then filed a motion for post-conviction relief under Fla. R. Crim. P. 3.850 ("Rule 3.850 motion"), and raised an ineffective assistance of counsel claim.

The state trial court held an evidentiary hearing in which Richardson testified he and counsel had not discussed admitting guilt to a lesser included offense as a trial strategy. He also stated he did not object to counsel's statements at trial. Trial counsel testified he had been in practice 25 years and had spoken to Richardson about using this strategy of presenting an alternate theory to the jury.

The state trial court, denying the Rule 3.850 motion, held the trial strategy was sound. On appeal, the denial was affirmed; Richardson then filed the instant petition for <u>habeas</u> <u>corpus</u> relief under 28 U.S.C. § 2254.

The magistrate judge to whom the petition was referred for a report and recommendation ("R&R") recommended it be denied. Richardson, objecting to the R&R, cited <u>Francis v. Spraggins</u>, 720 F.2d 1190 (11th Cir. 1983), <u>cert. denied</u>, 470 U.S. 1059 (1985), to support his argument that counsel was constitutionally ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). The district court accepted the R&R and denied the 28 U.S.C. § 2254 petition over Richardson's objections, but issued a certificate of appealability on "whether an

3

attorney's strategy, in argument to the jury, to concede his client's guilt of a lesser included offense constitutes ineffective assistance of counsel, per se, under the rule of law announced in Francis v. Spraggins, 720 F.2d 1190 (11th Cir. 1983), where the evidence is less than overwhelming against the defendant." On appeal, Richardson argues the strategy of his trial counsel to concede guilt of a lesser included offense was per se unreasonable under Francis.

## DISCUSSION

We review the district court's findings of fact for clear error; we review questions of law and mixed questions of law and fact de novo. See Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 122 S.Ct. 627 (2001). We accord deference to the state court rulings on the merits, and will not grant relief to a petitioner whose claim has been adjudicated on the merits unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly-established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C § 2254(d)(1); see also Putman v. Head, 268 F.3d 1223, 1240-41 (11th Cir. 2001). "Contrary to" and "unreasonable application of" constitute separate grounds for reviewing a state court decision. Williams v. Taylor, 529 U.S. 362, 404-05 (2000). Applicable "federal law" consists solely of clearly-established U.S. Supreme Court holdings. Id. at 412.

A state decision is "contrary to" federal law if: (1) the state court applied a rule that contradicts the governing law set forth by a Supreme Court case; or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. Putnam, 268 F.3d at 1241. An "unreasonable application" of federal law occurs when the state court properly identifies the applicable law but, using an objective standard, unreasonably applies it in light of the facts before it. Id. at n.14.

Counsel's performance was ineffective and constitutionally deficient if: (1) it was objectively unreasonable; and (2) a reasonable probability exists the deficiency prejudiced the defendant. Strickland, 466 U.S. at 691. We presume counsel's performance was reasonable and adequate, and defer to choices dictated by reasonable strategy. Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.), cert. denied, 513 U.S. 899 (1994).

To establish prejudice, a petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 446 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

In Francis, relied upon by Richardson, a murder defendant pled not guilty and testified to his innocence at trial. Francis, 720 F.2d at 1193. Francis' counsel

5

told the jury he believed Francis was guilty and should receive life imprisonment rather than the death penalty. Id. On appeal, we held this line of argument was more properly directed to the penalty phase of trial. Id. at 1194. Given the not-guilty plea by Francis, his testimony at trial, and the lack of any other defense, a strategy admitting guilt of the offense charged was not rational. Id. Compare McNeal v. Wainwright, 722 F.2d 674, 674-77 (11th Cir. 1984) (counsel's performance not constitutionally deficient where counsel for a first-degree murder defendant told jury the evidence could show manslaughter at most; in the face of overwhelming evidence of guilt, a strategy admitting guilt to a lesser included offense is proper).

The state trial court denial of Richardson's Rule 3.850 ineffectiveness of counsel motion was neither contrary to, nor an unreasonable application of, federal law. Admitting guilt of a lesser included offense may be proper, especially in light of overwhelming evidence against a defendant. See McNeal, 922 F.2d at 676. A tactical decision to admit limited guilt is not per se unreasonable, and is entitled to deference. See Rogers, 13 F.3d at 386. Richardson fails to show the outcome at trial would have been different but for counsel's concession: evidence presented included victims' statements that Richardson was the robber, and police testimony that Richardson had victims' jewelry with him when he was arrested.

6

## CONCLUSION

Upon careful review of the record and the parties' briefs, we find no reversible error. Because the state court's decision that counsel was not constitutionally ineffective was not contrary to, nor an unreasonable application of, federal law, the district court properly denied Richardson's habeas petition under 28 U.S.C. § 2254. Accordingly, we affirm.

**AFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: [signature]
Deputy Clerk
Atlanta, Georgia